HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY,<br><br>     Plaintiff,<br><br>  v.<br><br>SCOTT NELSON,<br><br>     Defendant. | CASE NO. C19-5095RBL<br><br>ORDER |

THIS MATTER is before the Court on Plaintiff American General's Motion to Compel [Dkt. # 19] Discovery from Defendant Nelson; American General's Motion for Summary Judgment [Dkt. # 21] on its claim that Nelson misrepresented his medical history in applying for his American General Life Insurance Policy; and American General's Motion to Seal [Dkt. # 20] the documents it filed in support of its summary judgment motion.

American General sold Nelson a $500,000 life insurance policy. It claims that Nelson's application misrepresented his medical status in two ways: He dramatically under-reported his alcohol use, and he failed to disclose that he had had an "abnormal Fecal Occult blood test result." It sued, seeking to rescind the agreement and cancel the policy.

1    Nelson is pro se. He has not responded to the Motion to Compel or the Motion to Seal.

2    He did file a one-page hand-written Response [Dkt. # 30] to the summary judgment motion,

3    which the Court will consider in the light most favorable to him.

4    Summary judgment is proper "if the pleadings, the discovery and disclosure materials on

5    file, and any affidavits show that there is no genuine issue as to any material fact and that the

6    movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether

7    an issue of fact exists, the Court must view all evidence in the light most favorable to the

8    nonmoving party and draw all reasonable inferences in that party's favor. *Anderson v. Liberty*

9    *Lobby, Inc.*, 477 U.S. 242, 248-50 (1986); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996).

10   A genuine issue of material fact exists where there is sufficient evidence for a reasonable

11   factfinder to find for the nonmoving party. *Anderson*, 477 U.S. at 248. The inquiry is "whether

12   the evidence presents a sufficient disagreement to require submission to a jury or whether it is so

13   one-sided that one party must prevail as a matter of law." *Id.* at 251-52. The moving party bears

14   the initial burden of showing that there is no evidence which supports an element essential to the

15   nonmovant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant has

16   met this burden, the nonmoving party then must show that there is a genuine issue for trial.

17   *Anderson*, 477 U.S. at 250. If the nonmoving party fails to establish the existence of a genuine

18   issue of material fact, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477

19   U.S. at 323-24. There is no requirement that the moving party negate elements of the non-

20   movant's case. *Lujan v. National Wildlife Federation*, 497 U.S. 871 (1990). Once the moving

21   party has met its burden, the non-movant must then produce concrete evidence, without merely

22   relying on allegations in the pleadings, that there remain genuine factual issues. *Anderson*, 477

23   U.S. 242, 248 (1986).

24

ORDER - 2

American General has established that Nelson's application was inconsistent with medical records which already existed when he signed it. He had already told his physician that he drank more than he represented to American General, and he did not disclose his blood test result, though it pre-dated his application. Nelson's claim that his beer consumption number was accurate when he made it is inconsistent with his records. His claim that he did not appreciate the import of the blood test may be true, but he still does not explain why he failed to disclose it.

American General has met its summary judgment burden and there are no questions of material fact. American General is entitled to a judgment as a matter of law and its Motion for Summary Judgment is GRANTED. American General life insurance policy number 4179895601 is declared void *ab initio*. American General has no obligations to Defendant Scott Nelson, except to return the premiums he paid on the Policy.

The Motion to Seal is GRANTED. The following documents shall REMAIN UNDER SEAL: 1. Declaration of Laura F. Stout in Support of American General's Motion for Summary Judgment filed contemporaneously with the Motion, which recites, attaches and discusses in detail American General's competitively-sensitive proprietary underwriting information and materials, including American General's underwriting guidelines and its underwriting and rescission review policies, practices, and procedures, all of which is retained in strict confidence, not publicly available, and would harm American General's competitive advantage in the insurance industry if obtained by its competitors;

2. American General's internal underwriting guidelines applicable for alcohol use, which is attached are Exhibit 7 to Ms. Stout's Declaration (Bates Nos. AGL001246–1248);

3. American General's internal underwriting table ratings, which are attached as Exhibit 8 to Ms. Stout's Declaration (Bates No. AGL001249); and

4. American General's internal underwriting guidelines applicable for fecal occult stool specimen, which are attached as Exhibit 9 to Ms. Stout's Declaration (Bates No. AGL001250).

The Motion for Summary Judgment is GRANTED.

The Motion to Compel is DENIED as MOOT.

The Court will not award fees.

IT IS SO ORDERED.

Dated this 26th day of June, 2020.

Ronald B. Leighton
United States District Judge