UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY,<br><br>                Plaintiff,<br>  v.<br>SCOTT NELSON,<br><br>                Defendant. | CASE NO. C19-5095BHS<br><br>ORDER |

This matter comes before the Court on Defendant Scott Nelson's "Motion to Re-Open Case and Deny Application to Tax Costs." [Dkt. # 38]. The Court will construe the motion as one for reconsideration of its Order Granting Plaintiff American General's Motion for Summary Judgment [Dkt. # 32] and the Order Granting American General's Motion to Tax Costs [Dkt. # 37].

The Court determined as a matter of law that Nelson did not disclose to American General his alcohol use or an adverse "occult blood test" result when he applied for a life insurance policy. It therefore granted American General's Motion for Summary Judgment on its claim to rescind that policy and return the premiums Nelson had paid. It

ORDER - 1

did not award fees, but the Clerk granted a portion of American General's Motion to Tax Costs, awarding $2,599.21. [Dkt. # 37].

Nelson's Motion reiterates his claim that he drinks a low alcohol beer, Coors Light, and that he did not appreciate the severity of the test result.

Under Local Rule 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence. The term "manifest error" is "an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." Black's Law Dictionary 622 (9th ed. 2009).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). Neither the Local Civil Rules nor the Federal Rule of Civil Procedure, which allow for a motion for reconsideration, is intended to provide litigants with a second bite at the apple. A motion for reconsideration should not be used to ask a court to rethink what the court had already thought through—rightly or wrongly. *Defenders of Wildlife v. Browner*, 909 F.Supp. 1342, 1351 (D. Ariz. 1995). Mere disagreement with a previous order is an insufficient basis for

ORDER - 2

1 reconsideration, and reconsideration may not be based on evidence and legal arguments
2 that could have been presented at the time of the challenged decision. *Haw. Stevedores,*
3 *Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005). "Whether or not to grant
4 reconsideration is committed to the sound discretion of the court." *Navajo Nation v.*
5 *Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th
6 Cir. 2003).

7 Nelson's Motion does not meet this standard. American General established that
8 Nelson did not accurately report his alcohol consumption and that he did not disclose the
9 adverse test result. Nelson does not dispute either of those facts. The Court is not
10 unsympathetic to Nelson's situation, but it will not reconsider its Order granting
11 American General's Summary Judgment Motion. Nelson's Motion for Reconsideration
12 on that point is **DENIED**.

13 The Court will reduce the costs awarded by the Clerk by $1,000, in its discretion
14 and in the interests of justice. Fed. R. Civ. P. 54(d). American General pursued its case
15 thoroughly and successfully, but in the context of this case a reduction in the costs is
16 warranted. Nelson is pro se and claims he cannot afford replacement insurance. He has a
17 quadriplegic child. He has not claimed that he is indigent, but his ability to pay the costs
18 weigh against a full award of costs.

19 \
20 \
21 \
22 \

1  The Clerk shall RE-TAX the costs at $1,599.21 and close the case.

2  **IT IS SO ORDERED**.

3  Dated this 8th day of January, 2021.

*(signature)*
BENJAMIN H. SETTLE
United States District Judge